## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

Jeffrey Melton, Ezekiel Morris, Tommy Allen
Johnson, Juan Valdes, and Manville Smith
*Individually and on behalf of all*
*others similarly situated,*

   **Plaintiffs**

       v.

Century International Arms, Corp.; Century
Arms, Inc.; Century Arms of Vermont, Inc; and
Century International Arms of Vermont, Inc.

   **Defendants.**

Case No.

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiffs, JEFFREY MELTON, EZEKIEL MORRIS, TOMMY ALLEN JOHNSON, JUAN VALDES, and MANVILLE SMITH, ("Plaintiffs"), individually and on behalf of all others similarly situated, for this class action complaint against Defendants, Century International Arms, Corp.; Century Arms, Inc.; Century Arms of Vermont, Inc.; and Century International Arms of Vermont, Inc.[1] allege upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters based upon, inter alia, the investigation made by and through their attorneys, as follows:

---

[1] The Century Defendants are so intertwined contractually for each other's liabilities and basic transactions, with the officers, shareholders, resident agents and employees' place of business, that they are essentially one entity with regard to the allegations in this Complaint and shall be referred to as Century and or Century Defendants. ( See Exhibit "A", "B", and "C".)

1

## INTRODUCTION

1.     Plaintiffs bring this nationwide class action on behalf of themselves and all other individuals who own certain AK-47 Rifles and Pistols (the "Class" and "Class Rifles and Pistols" as hereinafter defined) which were designed, manufactured, assembled, imported, marketed, distributed, or sold by Century in Florida and throughout the United States.  For the purposes of the claims made herein, the Class Rifles are considered an inherently dangerous commodity.

2.     In filing this lawsuit, Plaintiffs and the Class Members do not disparage the Second Amendment's right to bear arms. Rather, Plaintiffs and the Class Members seek to hold accountable Century for the negligent design, testing, manufacture, assembly, marketing, supply, warranty, distribution, misrepresentation, and sales of the Class Rifles which are defective and unreasonably dangerous as described herein.   Instead of impinging upon the Second Amendment, this lawsuit is brought by and on behalf of individuals who have lawfully exercised their Second Amendment right to bear arms.

3.     This class action alleges, among other things, a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201 et seq., negligence, strict liability, breach of express warranties, breach of implied warranties, violation of the Magnuson-Moss Warranty Act ("MMWA"), negligent failure to disclose, failure to warn, concealment, misrepresentation, damages and declaratory relief in connection with a common design defect involving a full-Auto safety selector that permits the class AK-47 Rifles to fire when the safety is pulled, placed or pushed above the safety position.  When the Safety Selector is placed above the safety positon, the safety will make contact with the disconnector which causes the hammer to release and strike the firing pin, causing the rifle to discharge.  The Safety Selector defect is

found on numerous Century Class AK-47 Rifles and Pistols[2]. Century's conduct which gives rise to these causes of action encompasses the design, testing, manufacture, assembly, marketing, supply, warranty, distribution, misrepresentation, and sales of the Class AK-47 Rifles and Pistols.  The Safety Selector is also deceptive and defective in that it appears to be in safety positions when in fact the weapon can be discharged.

4.      Plaintiffs principally seek, <u>inter alia</u>, an order permanently enjoining Century from manufacturing, assembling, importing, marketing, advertising, distributing, and selling Class AK-47 Rifles and Pistols and requiring Century to recall all Class AK-47 Rifles and Pistols that contain the defect and compensate Plaintiffs and Class Members.

5.      The Class AK-47 Rifles and Pistols are defective and unreasonably dangerous because the common design of the Class AK-47 Rifles and Pistols and Safety Selector will not prevent and has not prevented accidental discharge of the guns when the Safety Selector is above the safe position.  This problem is caused by the inadequate design, manufacturing, and testing of the Class AK-47 Rifles and Pistols with the chosen Safety Selector mechanism.  The Safety Selector defect has created an unreasonably dangerous situation for a person owning and/or possessing a Class AK-47 Rifle or Pistol, and has substantially reduced the safety of the Class AK-47 Rifles and Pistols.

6.      Century does not mention that the class AK-47 Rifles and Pistols will discharge if the safety selector is above the safe position; rather, it states only the Class Rifles and Pistols will fire if in the fire position.

---

[2] Century has provided a list of 31 guns that contain the full auto safety selector. The list of models for the AK-47 Rifles and Pistols are as follows: 1960AK; 1980; WASR; M70AB2; RPK; DRAGUNOV; AMD65; M70B1; M72; GP 1972; 1975 AK BULLPUP; GOLANI; DRACO PISTOL; PLS 54C; M70B2; M76; AK74; TANTAL; C39; AES10B; GP 1075; SAIGA; PAP M85; PAPM92; M70; N-PAP; GP AK 74; MAK-22, PAP M90; and AK63D.

7.     Yet, Century was aware of this safety defect, and changed the Safety Selector device only on its current models.

8.     Despite actual knowledge of the Safety Selector defect, Century has never issued a warning to the public or recall of the Class AK-47 Rifles and Pistols. Century continues to falsely represent to the public that the Class AK-47 Rifles and Pistols are safe and reliable. In fact, Century is aware that the Class AK-47 Rifles and Pistols have fired as result of the Safety Selector defect, and it is only a matter of time, if not already, before individuals are seriously injured or killed.

9.     At all times relevant to this action, Century had a duty to disclose and warn Plaintiffs and Class Members truthfully and accurately, and not to conceal or misrepresent the truth about the Safety Selector defect.  Notwithstanding this duty, and in violation thereof, Century carelessly and negligently failed to disclose to and warn Plaintiffs and Class Members, and concealed and misrepresented the truth, about the Class AK-47 Rifles and Pistols that have the Safety Selector defect.

10.    At all relevant times to this action, Century fraudulently concealed and intentionally failed to warn Plaintiffs and Class Members of the Safety Selector Defect with the intent to deceive the Plaintiff, Class Members, and the general public without knowledge of the defect. Century falsely and fraudulently represented to Plaintiffs and Class Members that its Class AK-47 Rifles and Pistols were safe for normal and intended use, when in fact its Class of AK-47 Rifles and Pistols were not safe for their normal and intended use.

11.    At all relevant times to this action, Century has willfully, knowingly, and/or recklessly committed unfair or deceptive acts or practices in Florida for the express willful

4

purpose of wrongfully concealing the Safety Selector defect and their knowledge of it is in violation of the FDUTPA.

12.      At all times relevant to this action, Century conspired to conceal from the public, Plaintiffs, and Class Members the Safety Selector defect and Century Defendants' efforts to understate or misrepresent the nature of the risk created by the defect.

13.      The common design of the Safety Selector is a latent defect and the Class AK-47 Rifles and Pistols are defective in a way that would not be apparent to Plaintiffs and Class Members. Further, the cause of the Safety Selector defect originates from the common design and manufacture of the Class AK-47 Rifles and Pistols; and Plaintiffs and Class Members would not know of the defect, and by the exercise of reasonable diligence, Plaintiffs and class members could not have known of the defect.

## JURISDICTION AND VENUE

14.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2)[3] in that the amount in controversy exceeds $5,000,000, exclusive of interest and costs and diversity of citizenship exists between the named Plaintiffs and Defendants.  This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

15.      Diversity of citizenship exists in this case for purposes of subject matter jurisdiction.  Two of the named Plaintiffs are out-of-state citizens.  Plaintiff Melton is a citizen of Tennessee.  Plaintiff Morris is a citizen of Illinois.  Plaintiffs Johnson, Valdes, and Smith are citizens of Florida.  Defendant, Century International Arms, Corp., is a Florida corporation with its headquarters and/or principal place of business in Delray Beach, Florida.   All remaining

---

[3] Based upon Plaintiffs' estimates of the sale of Class AK47 Rifles and Pistols by Century Arms over the years, the number of class members will exceed well into the tens of thousands.

Century Defendants are Vermont Corporations with their principle place of business in Florida. All Century Defendants have the same address, resident agent, and officers in Delray Beach, Florida.

16.     This Court has personal jurisdiction over Defendant, Century International Arms, Corp., because Defendant is a Florida corporation, has its headquarters and/or principal places of business in Delray Beach, Florida, and is engaged directly and through its agents in systematic and ongoing business transactions in the state of Florida and within this District, including but not limited to, the design, testing, manufacture, import, assembly, marketing, supply, warranty, distribution, misrepresentation, and sales of the Class AK-47 Rifles and Pistols as well as other conduct in Florida as described herein. All other Century Defendants are Vermont Corporations with their principle place of business, their officers, and resident agents in Delray Beach, Florida. As such this court has jurisdiction over all Century Defendants under Fla. Stat. § 48.193(1)(a)(2); and Fla. Stat. § 48.193(b)(2).

17.     This Court has specific personal jurisdiction over Century Defendants because they directly and by and through its agents, have operated, conducted, engaged in, or carried out a business venture in the state of Florida, including but not limited to, manufacturing the Class Rifles and Pistols, committing various tortious acts within the state of Florida, including but not limited to, intentionally concealing the Safety Selector defect from Plaintiffs and Class Members residing inside and outside of Florida, such that specific personal jurisdiction arises under Fla. Stat. § 48.193(1)(a)(2);

18.     Century Defendants caused injury to persons within the state of Florida while they were engaged in solicitation of service activities within the state of Florida, including but not limited to, injury to Class Members in Florida caused by the Safety Defect while Century

Defendants solicited service activities within Florida, such that specific personal jurisdiction arises under Fla. Stat. § 48.193(1)(a)(6)(a).

19.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) as to Century Defendants because they reside in this judicial district.  Venue is further proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as to all Defendants, because as described herein a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.  Century regularly and systematically conducts business in Florida and in this judicial district, including but not limited to, the continuous, ongoing, extensive manufacturing, assembling, and sale of thousands of Class AK-47 Rifles, Pistols, and other firearms in the state of Florida.

## PARTIES

20.      Plaintiff Melton ("Plaintiff Melton") is over the age of 21 and is a citizen of Knoxville, Tennessee.  Melton owns a Class AK-47 Rifle, in particular a GP 1975 which was designed, manufactured, assembled, tested, marketed, imported, warranted, distributed, and sold by Century.

21.      Plaintiff Morris ("Plaintiff Morris") is over the age of 21 and is a citizen of Moline, Illinois.  Morris owns a Class AK-47 Rifle, in particular a M70 OPAP which was designed, manufactured, assembled, tested, marketed, imported, warranted, distributed, and sold by Century.

22.      Plaintiff Tommy Allen Johnson ("Plaintiff Johnson") is over the age of 21 and is a citizen of Tarpon Springs, FL.  Johnson owns a Class AK-47 Rifle, in particular a Model N-PAP which was designed, manufactured, assembled, tested, marketed, imported, warranted, distributed, and sold by Century.

23.     Plaintiff Juan Valdes ("Plaintiff Valdes") is over the age of 21 and is a citizen of Coral Gables, FL.  Valdes owns a Class AK-47 Rifle, in particular a Model M70AB2 which was designed, manufactured, assembled, tested, marketed, imported, warranted, distributed, and sold by Century.

24.     Plaintiff Manville Smith ("Plaintiff Smith") is over the age of 18 and is a citizen of Broward County, FL.  Smith owns a Class AK-47 Rifle, in particular a Model M70 which was designed, manufactured, assembled, tested, marketed, imported, warranted, distributed, and sold by Century.

25.     The Century Defendants are so intertwined contractually for each other's liabilities and basic transactions, with the officers, shareholders, resident agents and employees' place of business, that they are essentially one entity with regard to the allegations in this Complaint and shall be referred to as Century and or Century Defendants. ( See exhibit "A", "B", and "C").

## COMMON FACTUAL ALLEGATIONS

26.     According to information and belief, Century has been producing firearms in Florida since 1995.

27.      Century has designed, manufactured, and distributed Class AK-47 Rifles and Pistols which have a dangerously defective Safety Selector that causes the Class AK-47 Rifles and Pistols to discharge when the Selector is placed above the dust cover or the safety lock.

28.     The Class AK-47 Rifles and Pistols include those Century models manufactured with the Safety Selector defect design described herein.  According to Century these particular Models or Series are equipped with certain "SAFETY DEVICES" which are described and illustrated by Century as follows:

8

See attached Exhibit D - <u>Century International Arms, Inc. (Owner's</u> Manual") at 7.[4]

The common design of the Safety Selector device on all Class AK-47 Rifles and Pistols is defective and as a result there is nothing to prevent an accidental discharge when the Safety Selector device is turned above the safety position.

25.     Since the design of the Safety Selector device is common to all Class Rifles and Pistols and is defective on all Class AK-47 Rifles and Pistols, the use and/or maintenance of the Class Rifles and Pistols by Plaintiff and Class Members have no effect on the defective design of the Class AK-47 Rifles and Pistols and the damages resulting from the defective design.

26.     The Class Rifles and Pistols have a common latent design defect, namely the Safety Selector, such that if the Class Rifles and Pistols work as designed they are still defective and Plaintiff and Class Members would still be due relief.

27.     For years, Century knowingly manufactured, marketed, and sold thousands of defective Class AK-47 Rifles and Pistols with the Safety Selector defect to consumers throughout Florida and the United States.

28.     Despite knowing about the Safety Selector defect for years, Century consciously and intentionally decided not to recall the defective Class AK-47 Rifles and Pistols, which it knows are unreasonably dangerous and defective because it believed such a recall would have a negative impact on its profits and public image.

29.     It is undisputed that Century was aware of the Safety Device defect on or before 2015.  Further, upon information and belief, discovery of internal documents from Century will show that Century has been aware of the problems with this design defect since the early

_____

[4] The Century International Arms, Inc. Manual is the manual that Century provided with an AK-47 Class Rifle GP 1975.  Century's manuals for its AK47 Rifles and Pistols all contain similar language regarding the defective Safety Selector.

production of the Class Rifles and Pistols and such discovery will most likely reveal that Century has been aware of this defect since the Class AK-47 Rifles and Pistols were first designed, manufactured, imported, tested, produced, and distributed in the United States.  In addition, the evidence will reveal Century turned a blind eye to complaints about the defective Safety Selector.

30.    In 2015, a YouTube video demonstrated the Safety Selector defect.

31.    A review of the website  https://www.youtube.com/watch?v=14ETsyHoRwI video reveals in the comments to the video that many owners of Defendant's Class AK-47 Rifles and Pistols have had accidental discharges due to the defective Safety Selector. Moreover, the video demonstrates the defect.

32.    On January 16, 2015 Fire Mountain Outdoors posted "AK Platform Safety Alert!! Watch!", which again demonstrated the Safety Selector defect. The post's comments stated that a previous YouTube post was taken down, which had been posted by Guns and Stuff.

33.    Despite all of the information Century had in connection with the defective design of the Safety Selector device and that the Class Rifles and Pistols will discharge when the Safety Selector is above the safety position without the trigger being pulled, Century has not undertaken any effort in Florida or elsewhere in the United States to inform the public and/or individuals who own Class AK-47 Rifles and Pistols about the defect, or to issue any recalls and replace or repair the Class AK-47 Rifles and Pistols.

34.    Plaintiffs  have filed this nationwide Class Action Complaint in order to seek declaratory relief and compensation for the damages of Plaintiffs and the proposed Class and to force Century to act as responsible corporate citizens by educating their customers, the lawful possessors of the Class AK-47 Rifles and Pistols, and the public about the dangers of the Class

AK-47 Rifles and Pistols, repairing the defect in the Class AK-47 Rifles and Pistols, or compensating Plaintiffs and the proposed Class so they can replace the Class AK-47 Rifles and Pistols and/or repair and replace the defect in the Class Rifles and Pistols on their own.

35.     The allegations in this Complaint are well-supported by the troublesome history of the Class AK-47 Rifles and Pistols, the harmful, potentially life-threatening, consequences of their use by consumers, as well as Century's continuing denial or failure to acknowledge the defect.  These critical facts about the Class Rifles and Pistols and the defect have been hidden from the public by Century's pattern of concealing the defect and refusing to warn the public despite Century's knowledge of the defect.

36.     Simply stated, the Class AK-47 Rifles and Pistols are defective and inherently dangerous, and Century has known about the defect, but has allowed the Class AK-47 Rifles and Pistols to remain in the hands of unsuspecting gun owners to the imminent risk of harm to the owners of the Class AK-47 Rifles and Pistols and to the public at large.

## PLAINTIFF JEFFREY MELTON

37.     Plaintiff Melton owns a Class AK-47 Rifle that is a Century model GP 1975 which was purchased new from J&G Sales in Prescott, Arizona, for approximately $500[5]. Plaintiff Melton's Century Arms GP 1975 Rifle's Safety Selector advances beyond the safety position with the dust cover on which causes the gun to fire even though Melton's hand is nowhere near the trigger.

## PLAINTIFF EZEKIEL MORRIS

38.     Plaintiff Morris owns a Class AK-47 Rifle that is a Century model OPAP which was purchased from Shooting Sports, in Moline, Illinois, for approximately $350.  Prior to 2016, while Plaintiff Morris was firing his AK47 Rifle at a gun range, Morris proceeded to place the

---

[5] Plaintiff Melton purchased the gun and ammunition together as a package deal.

Safety Selector in the safe position.  As Morris was moving the Safety Selector to the safe position, the Safety Selector advanced beyond the safety position with the dust cover on. Morris, an experienced gun handler, knew that if the Safety Selector advanced any further, the gun would discharge.  On this occasion, Morris was able to stop the Safety Selector from going any further and prevented the discharge.  Morris' Century Arms OPAP Rifle's Safety Selector advances beyond the safety position with the dust cover on which causes the gun to fire even though Morris' hand is nowhere near the trigger.

### PLAINTIFF  TOMMY ALLEN JOHNSON

39.     Plaintiff Johnson owns a Class AK47 Rifle that is a Century Model NPAP which was purchased new in late October, 2013, for approximately $699 plus tax, from Take Aim Guns, in Palm Harbor, Florida.  Plaintiff's Class AK47 Rifle has the Safety Selector defect that is common to every other Class AK47 Rifle. About a week after purchasing the AK47 Rifle, after clearing his magazine at a gun range, Johnson proceeded to place the Safety Selector in the safe position.  In one motion, with minimal force, the Safety Selector advanced beyond the safety position with the dust cover on.  Johnson, who is an avid gun user and enthusiast, took the AK47 Rifle back to Take Aim Guns and informed the store of the safety problem.  Having concerns as to the safety of his newly purchased AK47, Johnson called Century Arms in Delray Beach, Florida, and informed them of the problems with the Safety Selector. Despite contacting Century Arms and informing them that the Safety Selector advanced beyond the safety position, Johnson never received a response from Century Arms.

40.     Plaintiff Johnson's Century Arms NPAP AK47's Safety Selector advances beyond the safety position with the dust cover on which causes the gun to fire even though Johnson's hand is nowhere near the trigger.

## PLAINTIFF JUAN VALDES

41.     Plaintiff Valdes owns a Class AK47 Rifle that is a Century Model M70AB2  cal 7.62x39mm which was purchased new on or about December 26, 2013, for approximately $839.00 plus tax, from Miami Police Supply a/k/a Mark's Guns Corp., in Miami, Florida. Plaintiff's Class AK47 Rifle has the Safety Selector defect that is common to every other Class AK47 Rifle.  On or about July 26, 2014, in Coral Gables, Florida, Plaintiff Valdes was in the process of cleaning his Class AK47 Rifle.  As Plaintiff Valdes was handling the Class AK47 Rifle, his hand was not on or near the trigger.  Plaintiff Valdes recalls the safety mechanism being on safe prior to cleaning the AK47 Rifle.   Suddenly and unexpectedly, without Plaintiff Valdes engaging the trigger, the AK47 Rifle discharged a round that was chambered.  The discharged bullet ripped through his bedroom wall and entered the apartment unit next door.  It is believed that the Safety Selector advanced beyond the safety position and discharged the weapon.

42.     Despite Valdes' belief that the gun was in safe mode, the Class AK47 Rifle discharged. The damage caused by the discharged bullet to the neighbor's apartment unit was significant.  Fortunately, the discharged bullet struck no human.

## PLAINTIFF MANVILLE SMITH

43.     Plaintiff Smith owns a Class AK47 Rifle that is a Century Model M70 which was purchased from his father for approximately $500.  Plaintiff Smith's Century Arms M70 AK47 Rifle's Safety Selector advances beyond the safety position with the dust cover on which causes the gun to fire even though Smith's hand is nowhere near the trigger.

## DEFINITION AND CLASS ACTION ALLEGATIONS

44.     Plaintiffs bring this suit as a nationwide Class Action on behalf of themselves and all others similarly situated pursuant to Rules 23(a), 23(b)(2), and/or 23(b)(3) of the Federal Rule of Civil Procedure. The Class that Plaintiffs seek to represent is defined as follows:

> **All individuals in the United States who own a Century AK-47 manufactured after 1995, with a full auto Safety Selector, including, but not limited to, the following models: 1960AK; 1980; WASR; M70AB2; RPK; DRAGUNOV; AMD65; M70B1; M72; GP 1972; 1975 AK BULLPUP; GOLANI; DRACO PISTOL; PLS 54C; M70B2; M76; AK74; TANTAL; C39; AES10B; GP 1075; SAIGA; PAP M85; PAPM92; M70; N-PAP; GP AK 74; MAK-22, PAP M90; and AK63D.**

45.     Subject to additional information obtained through further investigation and discovery to be conducted, the foregoing definition of the Class may be expanded or narrowed by amendment or an amended complaint.  Specifically excluded from the Class are Century's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by the Century Defendants and their heirs, successors, assigns, or other persons or entities related to or affiliated with the Century Defendants and/or their officers and/or directors, or any of them; the Judge assigned to this action, and any member of the Judge's immediate family; and persons claiming personal injuries as a result of the Safety Selector Device.

46.     <u>Numerosity</u>: The Class is composed of thousands of persons across the United States, the joinder of whom in one action is impractical.  While the exact number and identity of Class Members are not presently known, they can be identified through the review of records in

14

Century's possession, custody and control, and/or through other formal discovery. Plaintiffs are informed and believe that thousands of Class AK-47 Rifles and Pistols, with the defect have been manufactured and sold in Florida and throughout the United States. The individuals in the Class are so numerous, consisting of at least thousands of Class Members, that the sheer number of aggrieved persons makes joinder of all such persons impracticable, and the disposition of their claims in a class action, rather than in individual actions, will benefit the parties and the Court and is the most efficient and fair way to resolve the controversy.

47.     <u>Commonality</u>:   Century Defendants have engaged in a standardized course of conduct that affects all Class Members. The critical question of law and fact common to the Plaintiffs Class that will materially advance the litigation is whether the Class AK-47 Rifles and Pistols are inherently defective, contrary to the expectations imparted by Century Defendants through their representations, omissions, and suppression.  Furthermore, other questions of law and fact common to the Class exist as to all members of the Class and predominate over any questions affecting only individual members of the Class include the following:

a.   Whether the common design of the Safety Selector device is defective;

b.   Whether the common design of the Safety Selector device prevents the Class AK-47 Rifles and Pistols from firing should the Class AK-47 Rifle's and Pistol's Safety Selector device rise above the safety position.

c.   Whether Century violated the Florida Deceptive and Unfair Trade Practices Act by, among other things, engaging in unfair, unlawful, or fraudulent practices in connection with the failure to disclose the material and life-threatening defect in the Class AK-47 Rifles and Pistols;

d.   Whether Century has been wrongfully and/or unjustly enriched as a result of the conduct set forth in the Complaint;

e.   Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to restitution;

f.   Whether the design or manufacturing of the Class AK-47 Rifles and Pistols causes the defect, and thus the Class Rifles and Pistols are not suitable for their intended use;

g.   Whether Century knew or should have known that the Class AK-47 Rifles and Pistols were defective;

h.   Whether Century had a duty to Plaintiff and the Class to disclose the true nature of the Class AK-47 Rifles and Pistols;

i.   Whether Century had a duty to recall the Class AK-47 Rifles and Pistols;

j.   Whether Century falsely represented that the Class AK-47 Rifles and Pistols were of a certain standard, quality, and grade, when in fact, they were not;

k.   Whether Century suppressed and concealed material information regarding the true characteristics and defective nature of the Class AK-47 Rifles and Pistols;

l.   Whether Century's suppression and omission of the defect was knowing, intentional, reckless, and/or malicious;

m. Whether Plaintiffs and the Class Members are entitled to compensatory, statutory, punitive, exemplary, and/or other forms of damages, and/or other monetary relief and, if so, in what amount;

n. Whether Century breached its Implied Warranties to Plaintiffs and the Class; and

o. Whether Plaintiffs and the Class members are entitled to an order (1) permanently enjoining Century from manufacturing, assembling, importing, marketing, advertising, distributing, and selling Class AK-47 Rifles and Pistols, (2) and requiring Century to recall all Class AK-47 Rifles and Pistols, and (3) requiring Century to compensate Plaintiffs and Class Members.

48.     Typicality:  Plaintiffs' claims are typical of the claims of the members of the Class, as all such claims arise out of Century's conduct in designing, manufacturing, testing, marketing, advertising, warranting, and selling the defective Class AK-47 Rifles and Pistols. The defect of the Class AK-47 Rifles and Pistols renders each Class Members' claims, legal theory, and injury common and typical.

49.     Adequate Representation:  Plaintiffs will fairly and adequately protect the interests of the members of the Class and has no interests antagonistic to those of the Class. Plaintiffs have retained counsel and that are experienced in the prosecution of complex litigation and class actions.

50.     Predominance and Superiority:  The class action in this instance is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and this Class action is superior

17

to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of the Class is impracticable.  The common liability issues in this Class Action may be resolved efficiently on a class-wide basis.  Should individual Class Members be required to bring separate actions, **assuming Class Members were aware of the latent Defect**, this Court and/or courts throughout the nation would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court. The common design of the Safety Selector device is a latent defect and the Class AK-47 Rifles and Pistols are defective in a way that would not be apparent to Plaintiffs and Class Members.  As a result, Class Members are unaware of the defect and their claims against Defendants as a result of the latent defect; therefore, without notice of the defect, a failure of justice will occur in the absence of a class action.

### ESTOPPEL AND TOLLING OF STATUTE OF LIMITATIONS

51.     Century should be estopped from relying on any statutes of limitation or repose by virtue of their acts of fraudulent concealment, which include Century's intentional concealment from Plaintiffs, Class Members, and the general public that the Class AK-47 Rifles and Pistols are defective, while continually marketing the Class Rifles and Pistols with the "Full Auto Safety Selector Device" features described herein.

52.     Given Century's affirmative actions of concealment by failing to disclose this known but non-public information about the Safety Selector defect – information over which

Century had exclusive control – and because Plaintiffs and Class members therefore could not reasonably have known that the Class Rifles were defective, Class Defendants are estopped from relying on any statutes of limitations or repose that might otherwise be applicable to the claims asserted herein.

## CAUSES OF ACTION AND CLAIMS FOR RELIEF

### Count One Violation of the Florida Deceptive and Unfair Trade Practices Act

53.     Plaintiffs, individually, and on behalf of all others similarly situated, incorporate by reference paragraphs 1 through 52 and all Exhibits attached hereto as though expressly stated herein in this paragraph.

54.     This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 et seq. (the "Act" or "FDUTPA").  The stated purpose of the Act is to "protect the consuming public . . . from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

55.     Plaintiffs and all Class Members are "consumers" and the transactions at issue in this Complaint constitute "trade or commerce" as defined by Florida Statutes §§ 501.203(7) and (8), respectively.

56.     Florida Statute § 501.204(1)   declares unlawful "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

57.     Consumers and the consuming public under the FDUTPA include Florida residents and non-residents of Florida.

19

58.     In violation of the FDUTPA, Century employed fraud, deception, false promise, misrepresentation and the knowing concealment, suppression, or omission of material facts in their distribution, sale, marketing, and/or advertisement of the Class Rifles and Pistols, including information in Century's Manuals, (See Exhibit "D") on the website of Century and the material facts as set forth in the following paragraph.

59.     Century engaged in fraud, deception, false promises, misrepresentations, concealment, suppression, or omission of material facts in violation of the FDUTPA in the following ways:  (a) represented that Century's Class Rifles and Pistols were manufactured to perform properly, (b) represented that the Class Rifles and Pistols would not fire if the Safety Selector is on or above the safety position, (c) represented that the Safety " position" will be above or covering the stamped letter "S", when in fact the Class AK- 47 Rifles and Pistols will fire when the safety lever is above the "S" stamped position without the trigger being engaged, (d) represented that the Class Rifles and Pistols were safe against accidental firing if the Safety Selector was at or above the safety position. Defendants lacked credible evidence to support those claims, and/or knew that the Class Rifles and Pistols were, in fact, defective and not suitable to be used for their intended purpose; (e) represented that by moving the Safety Selector upward and away from the firing position the Class Rifles and Pistols would not fire, and (f)  by distributing and/or selling the Class Rifles and Pistols, Century impliedly represented to Plaintiffs and Class Members that the Class Rifles and Pistols were fit for the purpose for which they were intended and safe to use.

60.     Century violated the FDUPTA by failing to disclose to and concealing from Plaintiffs, Class Members, prospective purchasers, and the public the Safety Device defect in the Class Rifles and Pistols.

61.    Century engaged in the concealment, suppression, or omission of the aforementioned material facts with the intent that others, such as Plaintiffs, Class Members, and/or the general public would rely upon the concealment, suppression, or omission of such material facts.

62.    These misrepresentations, practices, and omissions of the material facts are likely to affect a consumer's choice of or conduct regarding the ownership and/or use of the Class Rifles. The issue is not whether Plaintiffs and Class Members relied on the misrepresentations, practices, concealment, and omissions of the material facts, but whether the misrepresentations, practices, concealment, and omissions of the material facts were likely to deceive a consumer acting reasonably in the same circumstances. Plaintiffs and Class Members need not prove individual reliance.  Since proof of reliance is not necessary, issues relating to causation and damages will be common to Plaintiffs and all Class Members.  To the extent reliance is required by law, reliance and damages are sufficiently shown by the fact that Plaintiffs and Class Members own and/or use  Class Rifles and Pistols.

63.    Century's concealment, suppression, or omission of material facts as alleged herein constitutes unfair, deceptive and fraudulent business practices within the meaning of the FDUTPA.

64.    Century either knew, or should have known, that the Class Rifles and Pistols were defectively designed and/or manufactured and were not safe against accidental discharge and that serious injury or death could occur when a Class Rifle's and Pistols' Safety Selector is placed above the safe position.

65.    Upon information and belief, Century knew that at the time the Class Rifles and Pistols left Century's control and contained the defect described herein.   At the time of

manufacture, distribution, and/or sale, the Class Rifles and Pistols contained the common design Safety Selector defect.  The defect reduced the effectiveness and performance of the Class Rifles and Pistols and rendered them unable to perform the ordinary purposes for which they were used as well as caused the resulting damage described herein.

66.     As a direct and proximate cause of the violation of the FDUTPA, described herein, Plaintiffs and Class Members have been injured in that they own and/or use Class Rifles and Pistols with the full auto Safety Selector defect based on nondisclosure of the material facts alleged herein, including but not limited to, nondisclosure of the Safety Selector defect.

67.     Century's unlawful conduct is continuing, with no indication that the Century Defendants' unlawful conduct will cease.

68.      Century's actions  in connection  with the designing, manufacturing, marketing, testing, and distributing of the Class Rifles and Pistols as set forth herein evidences a lack of good faith, honesty in fact, and observance  of fair dealing  so as to constitute  unconscionable commercial  practices,  in violation  of the FDUTPA, Fla. Stats. §§ 501.201, et seq.

69.     Century acted willfully, knowingly, intentionally, unconscionably and with reckless indifference when it committed these acts of consumer fraud described herein.

70.     Said acts and practices on the part of Century were and are illegal and unlawful pursuant to Florida Statute § 501.204.

71.     As direct result and proximate result of Century's violations of the FDUTPA, Plaintiffs and Class Members have suffered damages, regardless of whether the Class Rifles and Pistols have malfunctioned or manifested the Safety Selector defect in some way.  Plaintiffs and the Class Members are entitled to compensatory damages, including damages for the diminished value of the Class Rifles and Pistols. Further, Plaintiffs and Class Members are entitled to

equitable and declaratory relief, damages allowed under FDUTPA, costs, the establishment of a common fund if necessary, and statutory attorney fees.

## Count Two Negligence

72.     Plaintiffs, individually, and on behalf of all others similarly situated, incorporate by reference paragraphs 1 through 52 and all Exhibits attached hereto as though expressly stated herein in this paragraph.

73.     At all times relevant to this action, Century had the duty to exercise that degree of care that a reasonably prudent firearm manufacturer and/or distributor should use in the design, testing, selection, manufacture, assembly, marketing, supply, distribution and sales of the Class Rifles and Pistols.   Notwithstanding this duty, and in violation thereof, Century Defendants negligently and carelessly designed, tested, selected, manufactured, assembled, marketed, supplied, distributed, and sold Class Rifles and Pistols with the Safety Selector defect.   As a direct and proximate result of this breach of duty, individuals who own a Class Rifles and Pistols are exposed to a substantial, clear, and unreasonable risk of serious injury or death.

74.     Plaintiffs, on behalf of themselves, and the Class, demand judgment against Century for compensatory damages for themselves and each member of the Class, for the establishment of a common fund, plus attorney's fees, interest and costs.

## Count Three Strict Liability In Tort – Restatement (Second) Of Torts § 402A

75.     Plaintiffs, individually, and on behalf of all others similarly situated, incorporates by reference paragraphs 1 through 52 and all Exhibits attached hereto as though expressly stated herein in this paragraph.

76.     Century designed the Class Rifles and Pistols with the Safety Selector defect, rendering the Class Rifles and Pistols inherently dangerous and creating a substantial, clear,

extreme and unreasonable risk of serious injury or death to Plaintiffs and Class Members. Century manufactured, assembled, marketed, distributed, and sold the Class Rifles and Pistols with the Safety Selector defect. The Class Rifles and Pistols were in the same defective condition due to the full auto Safety Selector defect from the time they left Century's control until they reached the Plaintiffs and Class Members, all of whom use the Class Rifles in the manner intended by Century.

77.     The Class Rifles and Pistols were sold in substantial and unreasonably dangerous condition to an extent beyond that which would be contemplated by the ordinary consumer, including, Plaintiffs and Class Members.

78.     As a direct and proximate result of the facts alleged above, Plaintiffs and Class Members are exposed to a clear, substantial, and unreasonable risk of serious injury or death from the Safety Device defect and the Class Rifles and Pistols.

79.     Century is strictly liable in tort for all injuries, damages, and losses that have or may result from the unintentional and unwanted discharge of a Class Rifles and Pistols, and for the cost of rendering the Class Rifles and Pistols safe.

80.     Plaintiffs, on behalf of themselves, and the Class, demand judgment against Century for compensatory and punitive damages for themselves and each member of the Class, for the establishment of a common fund, plus attorney's fees, interest and costs.

### Count Four Breach of Implied Warranty of Merchantability

81.     Plaintiffs, individually, and on behalf of all others similarly situated, incorporate by reference paragraphs 1 through 52 and all Exhibits attached hereto as though expressly stated herein in this paragraph.

82.     At all times mentioned herein, Century designed, manufactured, marketed, distributed, and sold the Class Rifles and Pistols with the Safety Selector defect. Prior to ownership of the Class Rifles and Pistols by Plaintiffs and Class Members, Century impliedly warranted to Plaintiffs and Class Members that the Class Rifles and Pistols were of quality and fit for the use for which they were intended, that the Class Rifles and Pistols were merchantable, would operate effectively, were safe for normal use, suitable for the ordinary and usual purposes for which they were intended, and would not create an unreasonable risk of injury to consumers.

83.     Plaintiffs and Class Members, in owning and/or using the Class Rifles and Pistols, relied upon the skill and judgment of Century.

84.     The Class Rifles and Pistols are unfit for their intended use and are not of merchantable quality, as warranted by Century, in that they had and/or have the propensities to fail to perform and protect, including but not limited to, accidentally discharging when the Safety Selector is not in the firing position and the Safety Selector is above the "S" position. Plaintiff's Class Rifle and Pistols caused Plaintiffs to sustain damages as herein alleged.

85.     Century designed and manufactured the Class Rifles and Pistols using a defective Safety Selector device. Century designed, manufactured, marketed, distributed, and placed the Class Rifles into the stream of commerce knowing and expecting that the Class Rifles and Pistols would be used by consumers and around the general public. By distributing the Class Rifles and Pistols, Century impliedly represented to Plaintiffs and Class Members that the Class Rifles and Pistols were merchantable, would operate effectively, were safe for normal use, suitable for the ordinary and usual purposes for which they were intended, and would not create an unreasonable risk of injury to consumers.

86.     Century was on notice of the breach of implied warranties at the time the Class Rifles and Pistols were manufactured and distributed by Century.  Century knew, or should have known, that the Class Rifles had a propensity to discharge when the Safety Selector is above the "S" position.

87.     Century failed to provide an adequate remedy and caused their implied warranties to fail of their essential purpose, thereby permitting remedy under the implied warranties to Plaintiffs and others similarly situated.

88.     As a direct and proximate result of the breach of said warranties, Plaintiffs and Class Members have suffered and will continue to suffer a loss as alleged herein in an amount to be determined at trial.

89.     Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against Century for compensatory damages for themselves and each member of the Class, for the establishment of a common fund, plus attorney's fees, interest and costs.

## Count Five Magnuson-Moss Warranty Act

90.     Plaintiffs, individually, and on behalf of all others similarly situated, incorporate by reference paragraphs 1 through 52 and Count Four and all Exhibits attached hereto as though expressly stated herein in this paragraph.

91.     The implied warranties as described in Count Four are subject to the provisions and regulations of the Magnuson-Moss Warranty Act, 15 U.S.C. 2301,

*et seq.* Hereinafter, referred to as MMWA.

92.     To the extent required by law, Century has expressly waived any basis of the bargain requirement as to Plaintiffs and Class Members by extending implied warranties

26

described in Count Four to any owner of a Class Rifles and Pistols and not restricting these warranties solely to the buyer of a Class Rifle and/or Pistol.

93.     Plaintiffs and Class Members are "consumers" as defined in the MMWA.

Defendants are "suppliers" and "warrantors" as defined by the MMWA.

94.     The Class Rifles and Pistols in question are "consumer products" as defined in the MMWA and the Class Rifles and Pistols were manufactured and sold after July 4, 1995. The warranties provided by Century and/or required by statute to be provided by Century are a full "written warranty" as defined in the MMWA.

95.     Century breached the implied warranties as described in Count Four.

96.     Century had sufficient notice because they were aware or should have been aware of the Safety Selector defect at the time of the manufacture and/or sale of the Class Rifles and Pistols.

97.     Century's conduct described herein is a violation of the MMWA.

98.     By virtue of the foregoing, Plaintiffs and Class Members are entitled to an award of damages and other appropriate relief, including attorneys' fees and costs, as allowed by the MMWA.   Further, the MMWA provisions allowing recovery of attorneys' fees, costs, and expenses, applies to any consumer who prevails on any warranty affected by the MMWA, whether express and/or implied warranties.

**Count Six Fraudulent Inducement and/or Suppression**

99.     Plaintiffs, individually, and on behalf of all others similarly situated, incorporate by reference paragraphs 1 through 52 and all Exhibits attached hereto as though expressly stated herein in this paragraph.

100.    Century made false statements of material facts to Plaintiffs and Class Members when they made representations in the Century's Manuals, which are provided with the Class Rifles and Pistols.

101.    In particular, Century made false statements of material facts to Plaintiffs and Class Members when they made representations in the Century Manuals as follows: (a) "The safety lever is in the "Safe" position when it is moved to its upmost (top) position on the receiver." (b)  The Class Rifles will fire only when the Safety Lever is below the safe position when the trigger is pulled and there is a round in the chamber.

102.    There is no limited warranty in the Century manual for the Class Rifles and Pistols.

103.    At all times relevant herein, Century was in a position of superiority to Plaintiffs and Class Members and as such had the duty and obligation to disclose to Plaintiffs and Class Members that (a) Century's Rifles and Pistols were NOT manufactured to perform properly with the original parts as designed; (b) that there was NOT a Safety Selector Device which would prevent accidental firing; (c) that it knew there were defects in the Class Rifles and Pistols, including but not limited to the Safety Selector device, which could result in injury or death; (d) that the Class AK-47 Rifles and Pisolts manufactured by Century are NOT free from defects in material and workmanship;

104.    Century knew or should have known of the concealment or suppression of material facts would induce reliance by Plaintiffs and Class Members in lawfully possessing the Class Rifles and Pistols among other things.

105.    Century concealed and/or failed to disclose the truth for the purpose of inducing Plaintiffs and Class Members to rely upon the merchantability of the Class AK-47 Rifles and Pistols through its concealment of material facts.

106.    Plaintiffs and the Class Members justifiably relied to their detriment on the concealed and/or non-disclosed material facts as evidenced by their ownership and/or use of the Class Rifles and Pistols. Had they known of the true character and quality of the Class Rifles and Pistols, Plaintiffs and Class members would not own or use the Class Rifles and Pistols.

107.    The conduct described herein, including but not limited to Century's deliberate placing of the defective Class Rifles and Pistols  into the stream of commerce,  Century is doing so with the intention of causing consumers to bear the cost of correcting the Safety Selector defect, and the lengths to which Century have gone to conceal the existence of that Safety Selector defect from the public, is oppressive, fraudulent and malicious, and entitles Plaintiffs and Class Members to an award of punitive damages.

108.    As a direct and proximate cause of Century's misconduct, Plaintiffs and Class Members have suffered damages, which they are entitled to recover.

109.    Plaintiffs, on behalf of themselves, and the Class, demand judgment against Century for compensatory and punitive damages for themselves and each member of the Class, for the establishment of a common fund, plus attorney's fees, interest and costs.

## Count Seven Negligent Failure to Disclose, Failure to Warn, Concealment and Misrepresentation

110.    Plaintiffs, individually, and on behalf of all others similarly situated, incorporate by reference paragraphs 1 through 52 and all Exhibits attached hereto as though expressly stated herein in this paragraph.

111.    The Class Rifles and Pistols are an inherently dangerous commodity and Century at all times relevant had a duty to disclose to and warn Plaintiffs and Class Members truthfully and accurately, and not to conceal or misrepresent such truth, about the Safety Selector device, and a duty to provide a fair and adequate warning of the dangerous potentiality of the Class Rifles and Pistols due to the defect.

112.    By Century designing, manufacturing, failing to test, marketing, distributing, and placing an inherently dangerous commodity such as the Class Rifles and Pistols in the channels of trade, then by the very nature of their commercial activity, Century has a duty to provide a fair and adequate warning of the dangerous potentiality of the Class Rifles and Pistols due to the defect.

113.    Century could foresee that the Class Rifles and Pistols, due to the latent defect, posed a clear, substantial and unreasonable risk of personal injury and death.  The proper measure of duty for Century in designing, manufacturing, testing, selling, marketing, and distributing an inherently dangerous commodity such as the Class Rifles and Pistols, is the reasonable foreseeability that serious injury or death might result from the use of the commodity.

114.    Notwithstanding this duty, and in violation thereof, Century carelessly and negligently failed to disclose to and warn Plaintiffs and Class Members, and concealed and

misrepresented the truth, about the latent Safety Selector Device which posed a clear, substantial and unreasonable risk of personal injury and death.

115.    Because Plaintiffs and Class Members did not have an equal opportunity to discover such truth about Century's defectively designed Class Rifles and Pistols, Plaintiffs and Class Members own and/or use the Class Rifles and Pistols, in the reasonable, but, unbeknownst to them, false belief they were fit for use, merchantable, and reasonably safe for their intended purposes.

116.    Because the Class Rifles and Pistols were not in fact fit for use, merchantable, and reasonably safe for their intended purposes, and because of Century's negligent failure to disclose and warn and their concealment and misrepresentation of such facts, as a direct and proximate result Plaintiffs and Class Members have been exposed to a clear, substantial and unreasonable risk of serious injury and death.

117.    Plaintiffs, on behalf of themselves, and the Class, demand judgment against Century for damages for themselves and each member of the Class, for the establishment of a common fund, plus attorney's fees, interest and costs.

### Count Eight Fraudulent Concealment and Intentional Failure to Warn

118.    Plaintiffs, individually, and on behalf of all others similarly situated, incorporate by reference paragraphs 1 through 52 and all Exhibits attached hereto as though expressly stated herein in this paragraph.

119.    Century fraudulently concealed and intentionally failed to warn Plaintiffs and Class Members of the Safety Selector defect with the intent to deceive Plaintiffs and Class Members into ownership and/or use Class Rifles and Pistols without knowledge of the defect which poses a clear, substantial and unreasonable risk of personal injury and death.

120.     Century falsely and fraudulently represented to Plaintiffs and Class Members that their Class Rifles and Pistols were safe for normal use.

121.     Plaintiffs and Class Members reasonably and justifiably relied on Century's deliberate silence, concerning the highly significant and material fact that the Class Rifles and Pistols were not safe for normal use, as a result of which, to their detriment, they elected to own and/or use Class Rifles and Pistols without knowledge of such fact.  There were no reasonable means for Plaintiffs or Class Members to make themselves aware of such fact, since Century has retained tight control of the relevant information concerning the Safety Selector defect.

122.     As a direct and proximate result of Century's fraudulent conduct, of both commission and omission, Plaintiffs and Class Members have been exposed to a clear, substantial and unreasonable risk of personal injury and death during their lawful possession and normal use of their Class Rifles and Pistols.

123.     Plaintiffs, on behalf of themselves, and the Class, demand judgment against Century for compensatory and punitive damages for themselves and each member of the Class, for the establishment of a common fund, plus attorney's fees, interest and costs.

## Count Nine Wrongful and/or Unjust Enrichment

124.     Plaintiffs, individually, and on behalf of all others similarly situated, incorporate by reference paragraphs 1 through 52 and all Exhibits attached hereto as though expressly stated herein in this paragraph.

125.     The acts of Century resulted in Plaintiffs and Class Members owning Class Rifles and Pistols that have a diminished value and Century reaping profits in excess of what should

have been earned for the Class Rifles and Pistols sold.  Further, these acts of Century resulted in Century being unjustly enriched by receiving monies and/or profits in excess of the amount actually and fairly earned for the Class Rifles and Pistols.

126.    As a result, Century has retained money which, in justice and equity, belongs to Plaintiffs and Class Members. Century has been unjustly enriched and must return this unlawfully retained money to Plaintiffs and Class Members.  Further, Plaintiffs, on behalf of themselves, and the Class, demands judgment against Century for themselves and each member of the Class, for the establishment of a common fund, plus attorney's fees, interest and costs.

## Count Ten Declaratory Relief

127.    Plaintiffs, individually, and on behalf of all others similarly situated, incorporate by reference all preceding paragraphs and all Exhibits attached hereto as though expressly stated herein in this paragraph.

128.    The Century acted or refused to act on grounds that apply generally to the Plaintiffs and Class Members, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole within the meaning of Fed. R. Civ. P. 23.

129.    The Defect in the Class Rifles and Pistols creates a definite threat of future injury to Plaintiffs and Class Members.

130.    Plaintiff seeks a declaration that: (a) all Class Rifles and Pistols with the full auto Safety Selector Device have a common design defect in workmanship and material that causes the Rifles to fire unexpectedly and unintendedly when the Rifles Selector Lever is above the "S" position and no trigger pull occurs; (b) Century knew of the Safety Selector defect in Class Rifles and Pistols; and (d) Century shall issue a recall of all Class Rifles and Pistols with the Safety Selector defect and compensate Plaintiffs and Class Members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for a judgment against Century as follows:

a.      Enter an Order certifying this action to proceed as a class action, and naming Plaintiffs as the representatives for the Class and their counsel as counsel for the Class;

b.      Enter an award in favor of Plaintiffs and the Class that includes compensatory, exemplary or punitive damages, treble damages, and statutory damages, including interest thereon, in an amount to be proven at trial;

c.      Enter an award in favor of Plaintiffs and the Class for compensatory damages that includes the cost of repair, replacement or modification of the Safety Device defect to render safe the Class Rifles and Pistols; Declare that Century Defendants are financially responsible for notifying all Class Members of the Safety Device Defect with the Class Rifles;

d.      Enter an Order enjoining Century Defendants from further deceptive advertising, marketing, distribution, and sales practices with respect to the Class Rifles and Pistols, and requiring Century Defendants to repair and/or replace Plaintiffs' Class Rifles and Class Members' Class Rifles and Pistols with a suitable alternative gun of Plaintiffs' and Class Members' choosing.

e.      Declare that Century Defendants must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale of the Class Rifles and Pistols, or order Century to make full restitution to Plaintiffs and Class Members.

f.      Enter an Order permanently enjoining Century Defendant's from continuing to engage in the unlawful and inequitable conduct alleged herein;

g.      Granting Plaintiffs and the Class all equitable remedies permitted by law against Century;

h.      Enter an award of attorneys' fees and costs, as allowed by law;

i.      Enter an award of pre-judgment and post-judgment interest, as provided by law;

j.      Grant Plaintiffs and the Class leave to amend the Complaint to conform to the evidence produced at trial; and

k.      Grant such other relief against the Century Defendants as the Court may deem just and proper under the circumstances and applicable law.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all claims so triable.

Dated:  March 18, 2016.

> Respectfully submitted by:
> /s/ *Angelo Marino, Jr.*
> Angelo Marino, Jr. (Florida Bar No. 151934)
> ANGELO MARINO, JR., P.A.
> 645 S.E. 5th Terrace
> Ft. Lauderdale, Florida  33301
> Tel: (954) 765-0537
> Fax: (954) 765-0545
> Email:   amjrpamail@aol.com
>               amjrpa1@hotmail.com