**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  1:16-cv-21008-CIV-MORENO/LOUIS**

| | |
|---|---|
| JEFFREY MELTON, EZEKIEL MORRIS, TOMMY JOHNSON, JUAN VALDES, and MANVILLE SMITH, Individually and on behalf of all others similarly situated, | |
| Plaintiffs, | |
| v. | CLASS ACTION |
| CENTURY INTERNATIONAL ARMS, CORP.; CENTURY ARMS, INC.; CENTURY ARMS OF VERMONT, INC.; and CENTURY INTERNATIONAL ARMS OF VERMONT, INC., | |
| Defendants. | |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants, by and through their undersigned counsel, hereby submit the following jury instructions.  These instructions are based on Defendants' preliminary understanding of claims to be determined at trial, however, Defendants hereby expressly reserve the right to amend these instructions, or propose different or additional instructions following this Court's determination of Plaintiffs' Motion for Class Certification, Defendants' Motion for Summary Judgment, and any other determinations by the Court or the parties necessitating alternative or additional instructions.

1

I.    GENERAL INSTRUCTIONS

      A.  **Class Action**

      This lawsuit has been brought as a class action.  A class action is a lawsuit that has been

brought by one or more Plaintiffs on behalf of a larger group.  These so-called "Named Plaintiffs"

are representatives of the larger group with whom they share similar legal claims.

      In a class action, the claims of many individuals are resolved at the same time instead of

each claim being resolved separately.  Thus, you should assume that the evidence at this trial

applies to all class members unless you are instructed otherwise.  All members of the class will be

bound by the result of this trial.

      In this case, the class(es) consist(s) of the following:

      [insert class description based on Court's determination].

      *Authority*:  Fed. R. Civ. P. 23

      B.  **Duty of the Jury and Court**

      It's your duty to listen to the evidence, decide what happened, and apply the law to the

facts.  It's my job to provide you with the law you must apply—and you must follow the law even

if you disagree with it.

      *Authority*: Civil Pattern Jury Instructions, Eleventh Circuit §1.1 (2013).

      C.  **Order of Trial**

      Let's walk through the trial.  First, each side may make an opening statement, but they

don't have to.  Remember an opening statement isn't evidence, and it's not supposed to be

argumentative; it's just an outline of what the party intends to prove.

      Next, plaintiffs will present their witnesses and ask them questions.  After Plaintiffs

question each of their witnesses, Defendants may ask the witness questions—this is called "cross

2

examining" the witness.  Then Defendants will present their witnesses, and plaintiffs may cross-examine them.  You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

*Authority*: Civil Pattern Jury Instructions, Eleventh Circuit §1.1 (2013).

**D.  <u>Juror Conduct</u>**

Communication about the case: While serving on the jury, you may not talk with anyone about anything related to the case.  You may tell people that you're a juror and give them information about when you must be in court.  But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations.  You want to make sure you've heard everything—all the evidence, the lawyers' closing arguments, and my instructions on the law—before you begin deliberating.  You should keep an open mind until the end of the trial.  Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, Instagram, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law.  Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case.  The law forbids the jurors to talk

with anyone else about the case and forbids anyone else to talk to the jurors about it.  It's very important that you understand why these rules exist and why they're so important.  You must base your decision only on the testimony and other evidence presented in the courtroom.  It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom.  For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source.  Only you jurors can decide a verdict in this case.  The law sees only you as fair and only you have promised to be fair—no one else is so qualified.

Taking Notes:  If you wish, you may take notes to help you remember what the witnesses said.  If you do take notes, please don't share them with anyone until you go to the jury room to decide the case.  Don't let note-taking distract you from carefully listening to and observing the witnesses.  When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony.  Your notes are there only to help your memory.  They're not entitled to greater weight than your memory or impression about the testimony.

*Authority*: Civil Pattern Jury Instructions, Eleventh Circuit §1.1 (2013).

**E.  Duty to Follow Instructions**

Your decision must be based only on the evidence presented here.  You must not be influenced in anyway by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole.  You must not single out or disregard any of the instructions on the law.

4

The fact that a corporation is involved as a party must not affect your decision in anyway. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible, under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

*Authority*: Civil Pattern Jury Instructions, Eleventh Circuit §3.2.2 (2013).

**F.  Responsibility for Proof**

In this case, it is the responsibility of the Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the claims of the Plaintiffs are more likely true than not true.

If plaintiffs fail to establish *any* essential part of a claim or contention by a preponderance of the evidence, you should find for Century.

This case involves more than one claim.  You should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

*Authority*: Civil Pattern Jury Instructions, Eleventh Circuit §3.7.1 (2013).

**G.  What is Evidence?**

You must decide the case on only the evidence presented in the court room.  Evidence comes in many forms.  It can be testimony about what someone saw, heard, or smelled.  It can be an exhibit or a photograph.  It can be someone's opinion.

5

Some Evidence may prove a fact indirectly.  Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas.  This may be indirect evidence that it rained, even though the witness didn't personally see it rain.  Indirect evidence like this is also called "circumstantial evidence"—simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect.  You may choose to believe or disbelieve either kind.  Your job is to give each piece of evidence whatever weight you think it deserves.

What is *not* evidence:

During the trial, you'll hear things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence.  In their opening and closing arguments, the lawyers will discuss the case.  Their remarks may help you follow each side's arguments and presentation of evidence, but the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyer's questions and objections aren't evidence.  Only the witnesses' answers are evidence.  Don't decide that something is true just because a lawyer's question suggests that it is.  For example, a lawyer may ask a witness, "You say Mr. Jones hit his sister, didn't you?"  That question is not evidence of what the witness saw or what Mr. Jones did—unless the witness agrees with it.

Objections:  There are rules of evidence that control what the court can receive into evidence.  When a lawyer asks a witness a question or presents and exhibit, the opposing lawyer may object if he/she thinks the rules of evidence don't permit it.

If I overrule the objection, then the witness may answer the question or the court may receive the exhibit.

6

When I sustain an objection to a question, you *must* ignore the question and not guess what the answer might have been.

Striking evidence: Sometimes I may disallow evidence—this is also called "striking" evidence—and order you to disregard or ignore it.  That means that you *must* not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose.  When I instruct you that I have admitted an item of evidence for a limited purpose, you *must* consider it for only that purpose and no other.

*Authority*: Civil Pattern Jury Instructions, Eleventh Circuit §1.1 (2013).

### H. <u>Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by Court</u>

As I have said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You shouldn't be concerned about whether evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There's no legal difference in the weight you may give to either direct or circumstantial evidence.

*Authority*: Civil Pattern Jury Instructions, Eleventh Circuit §3.3 (2013).

**I.  Use of Depositions**

A deposition is a witness's sworn testimony taken before trial.  During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [*], taken on [*], [is about to be/has been] presented to you [by video/by reading the transcript].  Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

*Authority*:  Civil Pattern Jury Instructions, Eleventh Circuit §2.2 (2013).

**J.  Use of Interrogatories**

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted.  The questions are called "interrogatories."  Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to these questions as though [name of party] gave the answers on the witness stand.

*Authority*:  Civil Pattern Jury Instructions, Eleventh Circuit §2.6 (2013).

**K.  Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve

any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

    ➢    Did the witness impress you as one who was telling the truth?

    ➢    Did the witness have any particular reason not to tell the truth?

    ➢    Did the witness have a personal interest in the outcome of the case?

    ➢    Did the witness seem to have a good memory?

    ➢    Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

    ➢    Did the witness appear to understand the questions clearly and answer them directly?

    ➢    Did the witness's testimony differ from other testimony or other evidence?

*Authority*: Civil Pattern Jury Instructions, Eleventh Circuit §3.4 (2013).

**L.  Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

9

*Authority*: Civil Pattern Jury Instructions, Eleventh Circuit §3.5.1 (2013).

**M. Expert Witnesses**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion.  As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

*Authority*: Civil Pattern Jury Instructions, Eleventh Circuit §3.6.2 (2013).

**N.  Nature of Claim**

This is a civil case.  To help you follow the evidence, I'll summarize the parties' positions.

Plaintiffs are representatives of a class of buyers of Defendants surplus AK-47 firearms. Plaintiffs claim economic injury because the AK-47s failed to adequately disclose a potential consequence of their misuse.  Based on these allegations, Plaintiffs are alleging Defendants committed an immoral, unethical act constituting consumer fraud, and are liable to compensate them for the difference in value of the product they received and the value of the product with proper disclosure of the complained of consequence of misuse.  Plaintiffs are not alleging any personal injuries or property damage.

Defendants contend they communicated information in sufficient form (manuals) and no duty to disclose the complained of consequence of misuse, as the evidence shows the product has

been operated safely, without any personal injuries, for over 30 years.  Defendants contend they did not act immorally or unethically and did not commit consumer fraud.  Finally, Defendants contend Plaintiffs firearms have no diminished value.

**O.  Duty to Deliberate**

Your verdict must be unanimous—in other words, you must all agree.  Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

*Authority*: Civil Pattern Jury Instructions, Eleventh Circuit §3.8.1 (2013).

**P.  Election of Foreperson; Explanation of Verdict**

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

Take the verdict form with you to the jury room.  When you've all agreed on the verdict your foreperson must fill in the form, sign it and date it.  Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer.  The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom.  Please

understand that I may have to talk to the lawyers and the parties, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

*Authority*: Civil Pattern Jury Instructions, Eleventh Circuit §3.9 (2013).

## II.   CLASS CLAIMS

### A. Florida Deceptive and Unfair Trade Practices Act

Plaintiffs claim that Defendants are liable to them for money damages for failing to adequately inform consumers of a potential consequence of misuse of certain Century AK-style firearms. Plaintiffs are not claiming Defendants are liable for money damages to compensate for any personal injuries or property damage.

To recover damages, Plaintiff must show by the greater weight of the evidence that:

(1) Defendant has failed to adequately inform consumers of the alleged potential consequence of misuse, and this failure has reduced the value of the products Plaintiffs purchased;

(2) Such conduct is of the form declared unlawful under Florida Statute § 501.204 as unconscionable acts or practices or unfair or deceptive acts or practices in the conduct of trade; and

(3) Defendant's conduct was immoral, unethical, oppressive, or unscrupulous, or was substantially injurious to Plaintiff.

*Authority*: 3-65 Florida Forms of Jury Instruction § 65.80

### B. Arizona Consumer Protection

Plaintiffs claim that Defendants committed consumer fraud. To establish this claim, Plaintiffs must prove:

1. Defendants concealed, suppressed, or omitted a material fact in connection with the sale or advertisement of merchandise;

2. Defendant intended that others rely upon such concealment, suppression, and/or omission of a material fact;

3. Plaintiffs suffered damages as result of reliance on Defendant's concealment, suppression, or omission of a material fact; and

4. Plaintiffs' damages.

*Authority*:  Arizona Model Jury Instructions Commercial Torts 21 Consumer Fraud

**C.  Illinois Consumer Protection**

Plaintiffs claim that the Defendants knowingly withheld from the Plaintiff a potential consequence of misuse of certain Century AK-style firearms leading to a reduction in their value.

Plaintiffs further claim that the fact withheld was a material fact.

Plaintiffs further claim that the Defendants withheld the fact with the intent to deceive the Plaintiffs and to induce the Plaintiffs to purchase the complained of firearms.

Plaintiffs further claim they purchased the firearms in justifiable reliance on the facts as he knew them.

Plaintiffs further claim that they sustained damages as a result of the fact withheld by Defendants.

Defendants deny that they knowingly withheld any material fact from the Plaintiffs, and deny that they withheld any fact with the intent to deceive the Plaintiffs or to induce the Plaintiffs to purchase the complained of firearms, deny that Plaintiffs purchased the complained of firearms in justifiable reliance on the facts as he knew them, and deny that damage resulted to the Plaintiffs from their reliance on the facts as he knew them.

13

*Authority*:  Illinois Pattern Jury Instruction 800.08

**D.  Unjust Enrichment**

Plaintiffs claim that Defendants are liable to them for money damages for unjust enrichment Defendants received by failing to adequately inform consumers of a potential consequence of misuse of certain Century AK-style firearms.

To recover damages, Plaintiff must show by the greater weight of the evidence that:

(1) A benefit was conferred directly upon Defendants by the Plaintiffs;

(2) Defendants appreciated that benefit;

(3) Allowing Defendants to accept and retain such benefit under the circumstances as you believe them to be would be inequitable.

*Authority*:  Aceto Corp. v. TherapeuticsMD, Inc., 953 F. Supp. 2d 1269, 1287 (S.D. Fla. 2013).

**III.   INDIVIDUAL CLAIMS**

**A.  Jeffrey Melton**

**i.    Negligence**

Plaintiff Jeffrey Melton claims that Defendants were negligent in failing to adequately inform him of a potential consequence of misuse of his firearm.

To recover damages, Plaintiff Jeffrey Melton must show by greater weight of the evidence that:

(1) Defendants owed Mr. Melton a duty to conform to a certain standard of care;

(2) Defendants breached this duty of care;

(3) Defendants breach of their duty of care caused Mr. Melton's damages; and

(4) Jeffrey Melton suffered actual damages.

14

*Authority*:  <u>Gipson v. Kasey</u>, 214 Ariz. 141, 143 (2007) (citing <u>Ontiveros v. Borak</u>, 136 Ariz. 500, 504 (1983) and William L. Prosser, *Handbook on the Law of Torts § 30*, at § 143 (4th Ed. 1971)).

      **ii.**    **Strict Liability**

Jeffrey Melton claims that his firearm contains a design defect.

A product is defective and unreasonably dangerous because of a design defect if the harmful characteristics or consequences of its design outweigh the benefits of the design.

A manufacturer or seller is presumed to have known at all relevant times the facts that this accident and this trial have revealed about the harmful characteristics or consequences of the product's design, whether or not the manufacturer or seller actually knew those facts. If you find that it would not be reasonable for a manufacturer or seller, with such presumed knowledge, to have put this product on the market without changing the design, then the product is defective and unreasonably dangerous because of a design defect.

A product is also defective and unreasonably dangerous because of a design defect if it fails to perform as safely as an ordinary consumer would expect when the product is used in a reasonably foreseeable manner.

*Authority*:  Arizona Product Liability Jury Instruction 3.

      **iii.**    **Failure to Warn**

Jeffrey Melton claims that there was not adequate warnings or instructions with his firearm of the potential consequence of misuse complained of. A product, even if faultlessly made, is

defective and unreasonably dangerous if it would be unreasonably dangerous for use in a reasonably foreseeable manner without an adequate warning or instruction.

*Authority*:  Arizona Product Liability Jury Instruction 4.

### iv.   Fraudulent Concealment

Plaintiff Jeffrey Melton seeks damage for his monetary loss based on allegations that Defendants intentionally prevented him from learning of the potential consequence of misuse complained of.

*Authority*:  <u>Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund</u>, 201 Ariz. 474, 496 (2002) (citing Restatement (Second) of Torts § 550 (1976)).

## B.  <u>Ezekiel Morris</u>

### i.   Fraudulent Inducement

Plaintiff Ezekiel Morris alleges he suffered money damages as a result of Defendants fraudulently inducing him to purchase his surplus AK-47 firearm.

To prevail on a claim for fraudulent inducement, Mr. Morris must show by greater weight of the evidence that:

(1) Defendants made a false statement of material fact;

(2) Defendants knew or believed the statement to be false;

(3) In making the statement, Defendants intended to induce Mr. Morris to purchase the firearm;

(4) Mr. Morris acted in reliance on the truth of the statement made by Defendants;

(5) Mr. Morris experienced damage as a result of his reliance on the statement.

*Authority*: <u>Faust Printing, Inc. v. Man Capital Corp.</u>, No 02-9345, 2007 U.S. Dist. LEXIS 92183, at *10-11 (N.D. Ill. Dec. 14, 2007) (citing <u>Horesman v. Weinschnider</u>, 322 F.3d 468, 476 (7th Cir. 2003)).

### ii.   Fraudulent Misrepresentation

Plaintiff Ezekiel Morris alleges he suffered money damages as a result of Defendants fraudulently misrepresenting a potential consequence of misuse of his surplus AK-47 firearm.

To prevail on a claim for fraudulent misrepresentation, Mr. Morris must show by greater weight of the evidence that:

(1) Defendants made a false statement of material fact;

(2) Defendants knew or believed the statement to be false;

(3) In making the statement, Defendants intended to induce Mr. Morris to purchase the firearm;

(4) Mr. Morris acted in reliance on the truth of the statement made by Defendants;

(5) Mr. Morris experienced damage as a result of his reliance on the statement.

*Authority*: <u>Wigod v. Wells Fargo Bank, N.A.</u>, 673 F.3d 547, 569 (7th Cir. 2012) (citing <u>Dloogatch v. Brincat</u>, 920 N.E.2d 1161, 1166 Ill. App. 2009).

DATED: October 26, 2018        By:     *s/ Ryan L. Erdreich*
                                        Anthony M. Pisciotti, Esq. (Pro Hac Vice)
                                        Ryan L. Erdreich, Esq. (Florida Bar No.: 65712)
                                        PISCIOTTI MALSCH
                                        30 Columbia Turnpike, Suite 205
                                        Florham Park, New Jersey 07932
                                        Telephone: (973) 245-8100
                                        Fax: (973) 245-8101
                                        apisciotti@pmlegalfirm.com
                                        rerdreich@pmlegalfirm.com

                                        *Attorneys for Defendants*
                                        *Century International Arms, Corp.; Century Arms,*
                                        *Inc.; Century Arms of Vermont, Inc.; and Century*
                                        *International Arms of Vermont, Inc.*

18

<u>**CERTIFICATION OF SERVICE**</u>

I hereby certify that on October 26, 2018, I electronically filed with the Clerk of the

Court using the CM/ECF system Defendants' Proposed Jury Instructions, which will send

notification of such filing to:

Angelo Marino, Jr., Esq.
ANGELO MARINO, JR., P.A.
645 S.E. 5th Terrace
Ft. Lauderdale, FL 33301
TELEPHONE NO.:   954-765-0537
amjrpamail@aol.com
amjrpa1@hotmail.com

Steve W. Berman, Esq.
Jerrod C. Patterson, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Ave #3300
Seattle, WA 98101
(206) 623-7292
steve@hbsslaw.com
jerrodp@hbsslaw.com

DATED: October 26, 2018          By:   *s/ Ryan L. Erdreich*
                                    Anthony M. Pisciotti, Esq. (Pro Hac Vice)
                                    Ryan L. Erdreich, Esq. (Florida Bar No.: 65712)
                                    **PISCIOTTI MALSCH**
                                    30 Columbia Tpk., Suite 205
                                    Florham Park, New Jersey 07932
                                    Phone: (973) 245-8100
                                    Fax: (973) 245-8101
                                    apisciotti@pmlegalfirm.com
                                    rerdreich@pmlegalfirm.com

                                    *Attorneys for Defendants*
                                    *Century International Arms, Corp.; Century Arms,*
                                    *Inc.; Century Arms of Vermont, Inc.; and Century*
                                    *International Arms of Vermont, Inc.*